LEONARD HINES & another[1] *vs.* PLANNING BOARD OF
EDGARTOWN & another.[2]

Dukes County.    March 12, 1987. — June 16, 1987.

Present: GREANEY, C.J., PERRETTA & DREBEN, JJ.

*Martha's Vineyard Commission. Edgartown. Zoning,* Littoral property,
Special permit, By-law.

Provisions in a town's zoning by-law adopted in compliance with guidelines
established by the Martha's Vineyard Commission purusant to St. 1974,
c. 637, and designating an area which included a certain lot as a district
of "critical planning concern," were applicable to the lot at the time the
town's planning board denied the owners' application for a special permit
and, *whether the regulation was proposed by the town itself or formulated
for it by the commission,* the owners were not entitled to the benefit of
G. L. c. 40A, § 6, which, in certain situations, has the effect of protect-
ing a lot owner against zoning changes. [346-348]
A town planning board's denial of the application of certain lot owners for
a special permit to construct a "boathouse" for the reason that the pro-
posed structure *did not meet the intent of the zoning by-law concerning
boathouses as a conditionally permitted use in the "fragile shore zone,"*
so designated pursuant to guidelines established by the Martha's Vineyard
Commission under St. 1974, c. 637, was not arbitrary or capricious
where the proposed boathouse, which the owners, in seeking a building
permit, had previously called a "garage," was to have been attached to
the owners' house and used for storage of other items as well as boats,
and would not have been adjacent to the shore. [348]

CIVIL ACTION commenced in the Superior Court Department
on September 18, 1984.

The case was heard by *George Jacobs,* J.

*Edward W. Kirk* for the plaintiffs.

*Ronald H. Rappaport* for the defendants.

---

[1] Helen Hines.

[2] Building inspector of Edgartown.

DREBEN, J.  The plaintiffs sought to construct an addition to their house in which to store boats and other items of personal property. They first applied to the building inspector of Edgartown for a building permit for a garage. The inspector denied the permit on the ground that the proposed location of the garage would fall within the "shore zone" as defined in art. 14.1 (b) (1) of the zoning by-law of the town.[3] The plaintiffs did not appeal from the denial of a building permit but sought a special permit for construction of a "boathouse," a use allowed in the shore zone by special permit of the planning board. The latter denied the special permit.

The plaintiffs sought review in the Superior Court under G. L. c. 40A, § 17, claiming, inter alia, that their land is exempt from the application of art. 14 by reason of G. L. c. 40A, § 6,[4] and that in any event the denial by the board was arbitrary and capricious. A judge of the Superior Court, citing *Island Properties, Inc.* v. *Martha's Vineyard Commn.*, 372 Mass. 216, 217, 228 (1977), held that art. 14 was applicable and that the planning board did not abuse its discretion. We affirm.

The parties filed a statement of agreed facts. After the plaintiffs bought their lot and built their house, the Martha's Vineyard Commission, a regional commission established pursuant to St. 1974, c. 637,[5] on December 22, 1975, designated an

---

[3] Article 14.1 (b) (1) established a shore zone which, as relevant here, consists of the land "from mean low water to 100 feet inland of the inland edge of any beach or marsh grasses." The planning board may grant a special permit under art. 14.1 (d) within the shore zone as a conditionally permitted use as provided by § 13.4 (b) which provides in relevant part: "The Planning Board may grant a Special Permit for the following structures and uses, subject to such special conditions and safeguards as said Board deems necessary to fulfill the purpose of Section 13.1, to assure continued dune stabilization, to maintain the ecological intergrity of beach areas, and to reduce the likelihood of hazards for health or safety.

1. Non-residential buildings or structures to be used only in conjunction with fishing, shellfishing, the growing, harvesting and storage of crops raised on the premises, and boathouses . . . ."

[4] In certain situations, § 6 has the effect of protecting a lot owner against subsequent zoning changes.

[5] Chapter 637 of the Acts of 1974 was superseded by St. 1977, c. 831, which, in turn, was amended by St. 1979, c. 319.

area which included the plaintiffs' lot as a district of "critical planning concern" (CPC). As required (c. 637, § 9), the commission issued guidelines for the district's development.

Under c. 637, § 11, if a town did not enact regulations approved by the commission for CPC districts, the commission itself could adopt regulations applicable to the municipality. For a comprehensive discussion of St. 1974, c. 637, see the *Island Properties* case, 372 Mass. at 218-222; for a discussion of later enactments see *McCarthy* v. *Planning Bd. of Edgartown*, 381 Mass. 86, 88 (1980). Edgartown failed to act, and, in 1976, the commission issued regulations for the town. These regulations became part of the Edgartown zoning by-law.[6] In 1978, pursuant to St. 1977, c. 836, the town withdrew from membership in the commission. The regulations adopted by the commission and incorporated in the town's zoning by-law were not repealed by the municipality. They continued in effect. *McCarthy* v. *Planning Bd. of Edgartown*, 381 Mass. at 88-89. In 1981, the town voted to amend certain portions of the zoning by-law which had been issued for it by the commission but did not change the regulations involved here.[7]

On July 1, 1984, Edgartown regained membership in the commission (St. 1984, c. 98, repealing St. 1977, c. 836). Thereafter, on July 20, 1984, the plaintiffs filed their application for a special permit to construct a boathouse. They now appeal from the judgment affirming the denial of the special permit by the planning board.

1. Recognizing that the *Island Properties* case, 372 Mass. at 217, held that § 7A (the provision giving limited protection against subsequent zoning changes, now G. L. c. 40A, § 6) "is not directed to standards and regulations, authorized by the State legislation, having regional or State-wide scope or significance," the plaintiffs urge that art. 14 is a mere local regulation of the town and not a commission regulation. As such, they

---

[6] Incorporation of the regulations of the commission into the "official ordinances, by-laws, and maps of the municipality" was required by St. 1974, c. 637, § 11.

[7] The only change of relevance is that special permits are now granted by the planning board rather than the zoning board of appeals.

argue, it is subject to G. L. c. 40A, § 6.[8] As stated in the *Island Properties* case, however, at 228, § 7A (the predecessor of c. 40A, § 6), "is not directed to subsequent zoning laws in a general sense, but only to zoning ordinances or by-laws subsequently passed by municipalities in the accustomed and ordinary way." Justice Kaplan in n.23 went on to say, "This category does not, in our opinion, include the regulations, compelled by the commission's guidelines . . . ."

Edgartown, as a consequence of regaining membership in the commission, was required to have a regulation, here exemplified by art. 14, to comply with the commission's guidelines. St. 1977, c. 831, § 10, as amended by St. 1979, c. 319, § 3, and St. 1977, c. 831, § 20. Whether that article was proposed by the town itself[9] or formulated for it by the commission is of no significance for purposes of c. 40A, § 6. "[A] CPC district may be designated only when there is a regional need for special regulations or planning to protect the given area," *Island Properties, Inc.* v. *Martha's Vineyard Commn.*, 372 Mass. at 223, and where the "present public or private regulations in a substantial part of the District cannot assure protection." Section 1.101 of the commission's "Standards and Criteria for Districts of Critical Planning Concern," adopted under the 1974 Act. To nullify the provisions of art. 14 by reason of c. 40A, § 6, merely because the town, rather than the commission, initiated these regulations compelled by the guidelines would render nugatory the regional or State-wide import of the CPC designation.

---

[8] Although we do not reach the question whether the plaintiffs would be protected by G. L. c. 40A, § 6, if art. 14 were merely a local by-law, we note that that result is far from clear. The plaintiffs claim that the establishment of the shore zone increases their "yard" or "depth" requirement, an increase prohibited by the fourth paragraph of § 6. This attempt to come within § 6 is awkward, at best. See the *Island Properties* case, 372 Mass. at 227 n.22. Their claim that the "boathouse" was an extension of a preexisting nonconforming use is, as the trial judge indicated, an "afterthought." The plaintiffs' application to the planning board was not on that basis but, rather, sought a special permit for a boathouse pursuant to art. 14 of the zoning by-law.

[9] We shall assume with the plaintiffs that the status of the regulation is the same as would have existed had Edgartown itself initially adopted regulations consistent with the commission's CPC designation.

We hold, therefore, that art. 14 of the zoning by-law of Edgartown was applicable to the plaintiffs' lot when the planning board acted on the plaintiffs' application. At that time, Edgartown was again a member of the commission.[10]

2. The planning board acted within its discretion in determining that the proposed boathouse, which was to be attached to the plaintiffs' house and would not have been adjacent to the water, was not within the intent of the zoning by-law. The plaintiffs had called the storage facility a "garage" in seeking a building permit; they intended to use the structure for winter storage of other items as well as boats, e.g., for yard furniture and garden equipment; and the boats stored in it were to be hauled overland to a launching site not on the lot. In those circumstances, the board's denial of the application "for the reason that the proposed structure does not meet the intent [of the by-law] concerning boathouses as a conditionally permitted use in the fragile shore zone" was not arbitrary or capricious.

In accordance with note 10 of this opinion, the judgment is modified to read that G. L. c. 40A, § 6, did not affect the applicability of art. 14 to the plaintiffs' lot at the time the planning board acted, a date after Edgartown regained membership in the commission. As so modified, the judgment is affirmed.

*So ordered.*

---

[10] The judgment below declared that art. 14 of the zoning by-law "has been applicable to the plaintiffs' lot since its adoption." We, however, express no opinion as to the effect of c. 40A, § 6, during the period Edgartown had no representation in the commission.